IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADY ARMSTRONG,

        Plaintiff,                   No. CIV S-04-1269 GEB KJM P

    vs.

SILVIA GARCIA, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee in effect at the time of filing of this action, $150.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $7.15 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26

1   The court finds the allegations in plaintiff's complaint too vague and conclusory to
2 state a valid claim for relief. Although the Federal Rules of Civil Procedure adopt a flexible
3 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
4 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
5 must allege with at least some degree of particularity overt acts which defendants engaged in that
6 support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however,
7 grant leave to file an amended complaint.
8   It appears plaintiff alleges he has been denied access to courts, through the
9 retaliatory withholding of legal documents, in violation of the First Amendment. Plaintiff is
10 informed that the law with respect to an inmate's right to access to courts was discussed in detail
11 by the United States Supreme Court in Lewis v. Casey, 518 U.S. 343 (1996); see also Vandelft v.
12 Moses, 31 F.3d 794, 797 (9th Cir. 1994). Most importantly in Lewis, the court held that for a
13 prisoner to be successful on a denial of access to courts claim, he must show not only denial of
14 access, but also injury resulting from the denial of access; "the inmate . . . must . . . demonstrate
15 that the alleged shortcomings in the [prison's law] library or legal assistance program hindered
16 his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. "He might show, for example, that a
17 complaint he prepared was dismissed for failure to satisfy some technical requirement which,
18 because of deficiencies in the prison's legal assistance facilities, he could not have known. Or
19 that he had suffered arguably actionable harm that he wished to bring before the courts, but was
20 so stymied by inadequacies of the law library that he was unable even to file a complaint." Id.
21   Plaintiff also appears to allege an Eighth Amendment violation based on denial of
22 appropriate medical care. Such a violation occurs if a prison official demonstrates deliberate
23 indifference to an inmate's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A
24 serious medical need exists where failure to treat a condition could result in further significant
25 injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050,
26 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d

1133 (9th Cir. 1997). A serious medical need is usually one that significantly impacts daily activities or results in chronic and substantial pain. Id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff also has requested that the court order that plaintiff be provided with access to his prison's law library. Plaintiff's request will be denied as plaintiff has not indicated why he needs access to the library.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.15. All fees shall be collected and paid in

1 accordance with this court's order to the Director of the California Department of Corrections
2 filed concurrently herewith.
3     3. Plaintiff's complaint is dismissed.
4     4. Plaintiff is granted thirty days from the date of service of this order to file an
5 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
6 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
7 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
8 an original and two copies of the amended complaint; failure to file an amended complaint in
9 accordance with this order will result in a recommendation that this action be dismissed.
10     5. Plaintiff's September 20, 2004 request for an order directing officials at High
11 Desert State Prison to grant plaintiff access to the prison law library is denied.
12 DATED: May 17, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
arms1269.14